Mohamed H. Nabulsi
Steven I. Adler
**MANDELBAUM BARRETT PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
mnabulsi@mblawfirm.com
sadler@mblawfirm.com
Phone: 973-736-4600
Fax: 973-325-7467

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LISA BLACKMAN,** on behalf of herself individually and on behalf of all others similarly situated,<br><br>**Plaintiff(s),**<br><br>v.<br><br>**NORTHEAST SPINE & SPORTS MEDICINE, LLC,**<br><br>**Defendant.** | CASE NO. _____<br><br>**NOTICE OF REMOVAL**<br><br>DOCUMENT ELECTRONICALLY FILED VIA CM/ECF |

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Northeast Spine & Sports Medicine, LLC (hereinafter, "Northeast Spine" or "Defendant"), hereby removes the case captioned in the Superior Court of New Jersey, Law Division, Ocean County, as *Lisa Blackman, on behalf of herself individually and on behalf of all others similarly situated v. Northeast Spine & Sports Medicine, LLC, Docket No. OCN-L-001203-24* (the "State Court Action") to the United States District Court for the District of New Jersey.

1

This removal is based on this Court's original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d), 1446 and 1453, and under federal question jurisdiction per 28 U.S.C. § 1331.

## I.  LOCAL CIVIL RULE 10.1 COMPLIANCE

1. Pursuant to L. Civ. R. 10.1 of this district, the known addresses of the named parties are as follows. Upon information and belief, and as set forth in her complaint in the State Court Action, Plaintiff Lisa Blackman is an individual residing in Rahway, Union County, New Jersey 07202. Plaintiff is represented by Milberg, Coleman, Bryson, Phillips Grossman PLLC located at 100 Garden City Plaza, Suite 500, Garden City, New York, 11530.

2. Defendant Northeast Spine & Sports Medicine, LLC has a place of business at 1082 Saint Georges Avenue, Rahway, Union County, New Jersey 07065, among other locations. Northeast Spine is represented by Mandelbaum Barrett PC located at 3 Becker Farm Road, Suite 105 Roseland, New Jersey 07068.

## II.  INTRODUCTION AND PROCEDURAL HISTORY

3. On May 8, 2024, Plaintiff Lisa Blackman, on behalf of herself individually and on behalf of all others similarly situated (hereinafter, "Plaintiff"), filed a putative class-action lawsuit against Northeast Spine in the Superior Court of New Jersey, Law Division, Ocean County, captioned *Lisa Blackman, on behalf of herself individually and on behalf of all others similarly situated v. Northeast Spine & Sports Medicine, LLC*, Docket No. OCN-L-001203-24.

4. Through the Class Action Complaint ("Complaint") attached hereto,[1] Plaintiff asserts putative class claims against Northeast Spine, ostensibly for alleged violations of certain HIPAA privacy and security rules, Federal Trade Commission ("FTC") guidelines, and for purported negligence and breach of implied contract.

5. Northeast Spine first received knowledge of the State Court Action through Plaintiff's service of the Complaint and Summons on May 13, 2024. *See* Nosher Decl. Exh. 2.

6. Accordingly, and in compliance with 28 U.S.C. § 1446(b), this Notice has been timely filed within thirty (30) days of Northeast Spine's first awareness of Plaintiff's claims.

7. Northeast Spine has complied with all relevant procedural requirements of 28 U.S.C. § 1446, namely "all process, pleadings, and orders served on" Northeast Spine are attached hereto as Exhibit 1 to the Nosher Declaration. *See* 28 §1446(a). Northeast Spine will also "promptly after the filing of" this Notice, "give written notice thereof to all adverse parties," and Northeast Spine "shall file a copy of the notice with the clerk of [the] State court" in compliance with 28 U.S.C. § 1446(d).

### III.   THE PARTIES

8. Plaintiff is an individual who alleges that she is a resident and citizen of Rahway, Union County, New Jersey. Complaint ¶ 14.

9. Northeast Spine is a New Jersey limited liability company having a place of business at 1082 Saint Georges Avenue, Rahway, Union County, New Jersey 07065, among other locations.

---

[1] A copy of the Complaint and all other processes, pleadings and/or orders is attached as Exhibit 1 to the accompanying Declaration of Todd Nosher, Esq. ("Nosher Decl. ") filed contemporaneously with and in support of this Notice of Removal. Exhibits to the Nosher Decl. are numbered in sequential order and cited herein as "Nosher Decl. Exh. #."

## IV. BASIS FOR REMOVAL

10. Removal is proper pursuant to 28 U.S.C. § 1441 as this Court has original jurisdiction over this Action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

11. Specifically under CAFA, removal is appropriate because: (1) the number of class members in the aggregate exceeds 100; (2) at least one member of the putative class is a citizen of a different state than Northeast Spine; (3) the amount in controversy as pled exceeds $5 million; and (4) the Complaint asserts a putative class action.

12. A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

13. Under CAFA, federal district courts have original jurisdiction over class actions where (1) the aggregate sum of the class members' claims exceeds $5,000,000; (2) at least one member of the putative class is diverse from at least one defendant; and (3) the class has at least 100 members. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

14. "Congress enacted CAFA to facilitate class actions in federal court, and its 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Gallagher v. Johnson & Johnson Consumer Cos., Inc.*, 169 F. Supp. 3d 598, 602 (D.N.J. 2016) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

15. Because the Act strongly favors federal jurisdiction, there is no presumption against such jurisdiction under CAFA unlike standard diversity cases. *Bovgirya v. Am. Honda Motor Co., Inc.*, No. 17-6248, 2018 WL 395 (D.N.J. 2018).

A. **The Aggregate Number of Proposed Class Members Exceeds 100**

16. Here, the aggregate number of proposed putative class members, as pled, far exceeds the threshold of 100 members under the CAFA.

17. Plaintiff repeatedly avers in her Complaint that the proposed class size is likely to exceed 177,000 members. *See, e.g.*, Complaint at ¶ 170 reproduced *infra*.[2]

> 170. <u>Numerosity</u>. The Members of the Class are so numerous that joinder of all of them is impracticable. Although the precise number of individuals impacted is currently unknown to Plaintiff and exclusively in the possession of Defendant, According to the breach report submitted to the U.S. Department of Health and Human Services, at least 177,000 persons were impacted in the Data Breach, in satisfaction of New Jersey Court Rule 4:32-1(a)(1).[68]

18. Because "the number of members of all proposed plaintiff classes in the aggregate" is 100 or greater, the class size requirements for diversity jurisdiction under CAFA have been met. *See* 28 U.S.C. § 1332(d)(5)(B).

B. **Diversity Jurisdiction Exists under the Class Action Fairness Act**

19. Diversity jurisdiction exists under CAFA when at least one member of the proposed class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

20. As set forth in the accompanying Declaration of Dr. Dimitrios Lambrou ("Lambrou Decl."), multiple proposed putative class are non-New Jersey citizens thereby creating diversity jurisdiction under CAFA.

21. Recognizing this fact, and further highlighting diversity jurisdiction under CAFA, Plaintiff proposes a <u>National Class definition</u> including "[a]ll persons in the United States whose Private

---

[2] Northeast Spine disputes this 177,000 estimate but acknowledges that the proposed class size as defined, if accepted, exceeds 100 members.

Information was maintained on Defendant's computer systems..." Complaint at ¶ 166 reproduced *infra* (emphasis added).

> 166. Plaintiff proposes the following Class Definition, subject to amendment as appropriate:
>
> **Nationwide Class**
> All persons in the United States whose Private Information was maintained on Defendant's computer systems that were compromised in the Data Breach that occurred at Defendant in January 2024 (the "Class").

22. Diversity jurisdiction under CAFA is, therefore, met here. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. The Amount in Controversy as Pled Exceeds $5 Million

23. Where, as here, the state court pleading seeks either non-monetary relief or state practice does not require the demand of a specific sum of damages, the notice of removal may state the amount in controversy in the first instance. *See* 28 U.S.C. § 1446(c)(2)(A).

24. Indeed, a removal notice need only "contain[ ] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

25. "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee*, 574 U.S. at 87 (quoting H.R. Rep. No. 100-889, at 71 (1988); *see also Papp v. Fore-Kast Sales Co.*, Inc., 842 F.3d 805, 811 (3d Cir. 2016).

26. When assessing the amount in controversy for putative class actions removed under CAFA, "[i]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." *See* Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

27. A good-faith estimate of the amount in controversy as pled exceeds $5,000,000.

28. Specifically, Plaintiff avers that the proposed putative class size exceeds 177,000 individuals. Complaint at ¶ 170 ("Numerosity…at least 177,000 persons were impacted in the Data Breach.").

29. Plaintiff's Prayer for Relief seeks, *inter alia*, an award of purported "actual damages, compensatory damages, statutory damages and nominal damages," as well as "punitive damages" in "an amount to be determined, as allowable by law" Complaint at Prayer Section D and E.[3]

30. Plaintiff further seeks an award of attorneys' fees and costs, and any other expenses, including expert witness fees." *Id*. at Section F

31. Plaintiff alleges that the average cost of medical identity theft is about $20,000 per incident and that most victims of medical identity theft are forced to pay out-of-pocket costs for healthcare they did not receive to restore coverage." Complaint at ¶ 82.

32. Therefore, based on the allegations in Complaint ¶¶ 82 and 170 alone, the amount in controversy as pled far exceeds $5 million based on the multiple of 177,000 and $20,000.[4]

D. **The Complaint Asserts a Putative Class Action**

33. CAFA defines a class action as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1711(2).

---

[3] Northeast Spine disputes both Plaintiff's right to the relief and damages sought and any and all liability alleged. Northeast Spine will substantively address the same at the appropriate time in the appropriate form.
[4] Once again, Northeast Spine disputes these amounts alleged and any and all liability claimed and reserves all rights relating to its defenses.

34. The State Court Action was filed pursuant to New Jersey Rule of Court 4:32 (Complaint ¶ 165), a rule entitled "Class Actions."

35. This Rule is analogous to Fed. R. Civ. P. 23 because it authorizes an action to be brought by one or more representative persons as a class action.

### E. Federal Question Jurisdiction also Exists

36. Although not necessary under CAFA, removal is nonetheless also supported because this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

37. As is the case here, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

38. Here, Federal issues are necessarily raised, actually disputed, substantial and capable of resolution in federal court without disrupting the federal-state balance.

39. Plaintiff bases her claims to relief on alleged violations of federal law, rules, regulations and/or guidelines, including the federal Health Insurance Portability and Accountability Act ("HIPPA") Security Rule and certain Federal Trade Commission ("FTC") rules and/or regulations. *See, e.g.,* Complaint at ¶¶ 96, 98-115.

40. For instance, Plaintiff alleges that "Defendant's failure to employ reasonable and appropriate measures to protect against unauthorized access to its patients' Private Information or to comply with applicable industry standards constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15, U.S.C. § 45." Complaint at ¶ 96.

41. Plaintiff further avers that Defendant failed to comply with HIPPA guidelines.

42. In fact, the entirety of Plaintiff's common law negligence and breach of implied contract claims are based on underlying and purported violations of HIPPA and FTC rules and guidelines. *See, e.g.*, Complaint at ¶ 196 ("Defendant breached its duties, pursuant to the FTC Act, HIPPA and other applicable standards, and thus were negligent…."); Complaint at ¶ 224 ("[i]n entering into such implied contracts, Plaintiff and Class Members reasonably believed and expected that Defendants' data security practices complied with relevant laws and regulations (including HIPPA and FTC guidelines on data security)…"

43. The substantive law on which Plaintiff's claims turn is thus federal law.

44. Moreover, the federal issues are actually disputed because Northeast Spine does not concede liability.

45. The federal issues are also substantial because Plaintiff's claims rest on questions of law concerning federal statutes and regulations.

46. Lastly, the federal issues are capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

**WHEREFORE**, for the reasons set forth herein, Defendant removes this action from the Superior Court of the State of New Jersey, Law Division, Ocean County, to the United States District Court for the District of New Jersey.

Dated: June 11, 2024

<u>/s/ *Steven I. Adler*</u>

Mohamed H. Nabulsi
Steven I. Adler
**MANDELBAUM BARRETT PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
mnabulsi@mblawfirm.com
sadler@mblawfirm.com
Phone: 973-736-4600
Fax: 973-325-7467

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of Defendant's Notice of Removal and all accompanying documents and materials were served on the below-listed counsel of record via electronic mail on this 11th day of June 2024:

### **Counsel for Plaintiff**

Vicki J. Maniatis, Esq.
Milberg, Coleman, Bryson, Phillips Grossman PLLC
100 Garden City Plaza, Suite 500
Garden City, New York, 11530
vmaniatis@milberg.com

Dated June 11, 2024

/s/ *Steven I. Adler*

Mohamed H. Nabulsi
Steven I. Adler
**MANDELBAUM BARRETT PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
mnabulsi@mblawfirm.com
sadler@mblawfirm.com
Phone: 973-736-4600
Fax: 973-325-7467